# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-21434-CIV   COOKE/WHITE

DREW C. HARTLEY,

    *Plaintiff*,

v.

SERGEANT CLARK, *et al.*,

    *Defendants*.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO TRANSFER VENUE

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, for a Report and Recommendation on any dispositive matters. (Omnibus Order 4 [D.E. 106]). On November 10, 2009, Judge White issued a Report [D.E. 122], recommending that the case be transferred to the Northern District of Florida. The Plaintiff filed an objection to this Report [D.E. 129]. I have reviewed the matter *de novo*, and agree that the case should be transferred to the Northern District of Florida.

Plaintiff contends that on May 24, 2005, while he was detained at Everglades Correctional Institution, in the Southern District of Florida, he was exposed to a chemical agent, and was then denied adequate medical attention. (Am. Compl. 20-23 [D.E. 105-1]). On or about November 17, 2008 Plaintiff was transferred to Santa Rosa Correctional Institution, in the Northern District of Florida. Plaintiff alleges that has suffered (and continues to suffer) repeated violations of his rights in the Northern District, including: (1) retaliation for filing this lawsuit, (2) destruction of property, including legal files, (3) depravation of access to the courts, (4) cruel

and unusual punishment through the use of extended strip-cell status, (5) cruel and unusual punishment through the use of chemical agents, and (6) cruel and unusual punishment through the denial of adequate medical treatment and mental health assistance. Thus, only two counts of Plaintiff's eight count complaint involve defendants and events in the Southern District. In contrast to the isolated incident occurring in the Southern District, Plaintiff's allegations directed at events in the Northen District involve repeated and continuous acts that are allegedly still ongoing.

The nature of this case is such that most of the witnesses will be located in the Northen District and it would be more convenient for them if this matter were litigated in that District. Further, non-party witnesses subpoenaed to attend deposition or trial in the Southern District may not be able to be compelled to attend, since these witnesses would be more than 100 miles away. *See* Fed. R. Civ. P. 45(c)(3). Additionally, most of the sources of proof will likely be located in the Northen District, most of the operative facts occurred in the Northen District, and other pertinent facts justify the transference of this matter to the Northern District of Florida.

I recognize that Plaintiff's counsel is handling this case on a *pro bono* basis, and I fully appreciate the importance of *pro bono* work in our legal system; however, I cannot ignore that this lawsuit has blossomed into a case primarily about retaliation which allegedly occurred (and continues to occur) in the Northern District of Florida. Accordingly, I find that this case, in its present form, could have been brought by the plaintiff in the Northen District of Florida. I further find that transferring this case to the Northern District of Florida is justified based on the balance of the public and private factors.

For the convenience of parties and witnesses, and in the interest of justice I **ORDER and ADJUDGE** that United States Magistrate Judge Patrick A. White's Report and Recommendation is **AFFIRMED and ADOPTED**. Defendants' Motion To Transfer Venue [D.E. 118] is **GRANTED**. Defendants' contemporaneous Motion To Stay Proceedings [D.E. 118] is **DENIED**. The clerk shall take all necessary steps to **TRANSFER** this case to the Northern District of Florida.

**DONE and ORDERED** in Chambers at Miami, Florida this 17th day of December 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Magistrate Judge Patrick A. White*
*Counsel of record*