UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DREW C. HARTLEY,

    Plaintiff,

vs.                                       CASE NO. 3:09-cv-00559-RV-EMT

SERGEANT RODNEY CLARK, *et al.*,

    Defendants.
_____/

## MOTION TO WITHDRAW AS COUNSEL OF RECORD

Pursuant to Local Rule 11.1(F) of the U.S. District Court for the Northern District of Florida and Rule 4-1.16 of the Rules Regulating the Florida Bar, the law firm of Akerman Senterfitt hereby moves this Court for leave to withdraw as attorneys of record for Plaintiff, Drew C. Hartley ("Hartley") and in support, states as follows:

    1.     Hartley filed his original Complaint *pro se* in the United States District Court for the Southern District of Florida with respect to the violation of his constitutional rights pursuant to 42 U.S.C. § 1983 pertaining to an incident at the Everglades Correctional Institute in May 2005.

    2.     As a *pro se* litigant on his original claim, Hartley withstood dispositive motions, conducted various forms of discovery, and brought discovery-related motions. After the matter had been deemed ready for trial, the presiding judge requested Akerman Senterfitt to represent Hartley. On October 2, 2008, Akerman Senterfitt filed its notice of appearance on behalf of Hartley. Akerman Senterfitt is representing Hartley on a *pro bono* basis, and has received no compensation for its representation of Hartley.

    3.     By Order dated September 8, 2009, the Southern District granted Hartley leave to amend his Complaint. In the Amended Complaint, Hartley has named 19 new defendants (along

{TL214403;2}

with some John Doe defendants) and asserted a variety of new claims pertaining to his incarceration at the Santa Rosa Correctional Institute located in the Northern District.

4. This case was transferred to this Court on December 18, 2009. Currently pending before the Court are Defendants Clark, Tifft, and McNeil's Motion to Dismiss Amended Complaint. The Court has also issued an order for Hartley to show cause with respect to service of process on the remaining defendants.

5. Because of the new claims and new defendants, this is essentially a new case. Indeed, no answers have been filed to the Amended Complaint, and no scheduling order has been entered by this Court.

6. At this nascent stage, numerous circumstances warrant the undersigned's request to withdraw. Rule 4-1.16 (b) of the Rules Regulating the Florida Bar, which governs withdrawal of counsel, provides:

> **(b) When Withdrawal Is Allowed.** Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
>
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (5) other good cause for withdrawal exists.

7. By its express terms, this Rule allows withdrawal when just one of these enumerated conditions exists. Here, essentially **all** of these conditions exist and warrant withdrawal.

8. First, Hartley would not sustain any "material adverse effect" at this early stage in the case. R. Regulating Fla. Bar 4-1.16 (b)(1). As previously mentioned, no answer has been filed, and no scheduling order has been entered. This is not the situation where counsel seeks to withdraw on the eve of trial or anytime near then. Rather, Hartley will be able to prosecute the case effectively *ab initio*. Indeed, based on his slew of recent *pro se* filings without the knowledge or involvement of the undersigned, Hartley has made crystal-clear that he prefers to proceed on his own. In fact, prior to the appearance of the undersigned attorneys, Hartley capably represented himself by withstanding dispositive motions, conducting various forms of discovery, and bringing discovery-related motions on his behalf.

9. Second, Hartley has insisted on taking actions that undersigned counsel considers "repugnant" and "imprudent."[1] R. Regulating Fla. Bar 4-1.16 (b)(2). Specifically, undersigned counsel – particularly in light of its Rule 11 obligations as officers of this Court – has maintained a fundamental disagreement with Hartley filing unauthorized papers directly in both the Southern and Northern District without prior consultation with counsel. *See* D.E. 111, 143, 144, 154, 163, and 163-1.[2] *See also Horan v. O'Connor*, 832 So.2d 193 (Fla. 4th DCA 2002) (holding that irreconcilable differences are sufficient to satisfy rule 4-1.16 (b). Such filings are a clear indication that Hartley seeks to sabotage the attorney-client relationship and, ultimately, is

---

[1] Undersigned counsel, mindful of its ethical obligations under Rules 4-1.6 (Confidentiality of Information) and 4-3.3 (Candor Toward the Tribunal) of the Rules Regulating the Florida Bar and Rule 11 of the Federal Rules of Civil Procedure, **must** limit their description of certain occurrences **and grounds for withdrawal** based on the attorney-client privilege.

[2] This Court has rejected or ordered such filings stricken because Hartley filed these documents directly with the court. (*See* D.E. 148, 149, 156, and 159).

{TL214403;2}

refusing his representation altogether. Undersigned counsel cannot continue to comport its ethical obligations with its "fundamental disagreement" over Hartley's clearly expressed intent on how he wants to conduct this litigation.

10. In addition to the foregoing, Hartley has made himself repugnant to undersigned counsel by filing disparaging remarks concerning his representation. Hartley has characterized the relationship as "deficient pro bono representation" and "hostile pro bono counsel" and stated that counsel had filed a "fatally defective response." *See* D.E. 163-1. Such expressed antipathy cannot be put aside and renders it impossible for Akerman Senterfitt to continue to represent Hartley on any meaningful basis.

11. Third, the representation has been rendered "unreasonably difficult by the client" in these and other respects. *See* R. Regulating Fla. Bar 4-1.16 (b)(4). As an additional example, undersigned counsel is concerned regarding the protection of attorney-client privilege given the disclosure by Hartley of certain written statements from counsel in his *pro se* filings. (*See* D.E. 101). Counsel remains concerned by Hartley's actions in unilaterally filing unauthorized papers as well as the potential for waiver of the attorney-client privilege concerning his representation due to certain disclosures.

12. Fourth, the representation will result in an unreasonable financial burden on Akerman Senterfitt. *See* R. Regulating Fla. Bar 4-1.16(b)(4). Akerman Senterfitt does not maintain an office in Pensacola, Florida. Travel would create an unreasonable financial burden on Akerman Senterfitt, especially as it is representing Hartley on a *pro bono* basis.

13. Fifth, undersigned counsel has "other good cause" for which withdrawal exists. R. Regulating Fla. Bar 4-1.16(b)(5). In essence, it is clear that the attorney-client relationship between the undersigned and Hartley has collapsed. Hartley clearly wishes to conduct this

litigation in a certain manner, with which the undersigned fundamentally disagrees in light of its Rule 11 and other professional obligations. *See* Comment to R. Regulating Fla. Bar 4-1.16 ("[t]he lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient").

14. The Rules Regulating the Florida Bar 4-1.6(b) provides that a lawyer may withdraw if any one of a list of enumerated conditions exists. Here, as set forth above, essentially all of those conditions – any one of which is sufficient grounds for withdrawal – exist. Accordingly, this motion should be granted.

15. Pursuant to Local Rule 11.1(F), undersigned counsel, ten (10) days prior to filing this motion, provided Hartley and all other counsel of record in this action notice of intent to withdraw as counsel of record for Hartley.

WHEREFORE, the law firm of Akerman Senterfitt respectfully requests that the Court grant it leave to withdraw as attorneys of record for Plaintiff, Drew C. Hartley.

Respectfully submitted,

**AKERMAN SENTERFITT**
106 East College Avenue, Suite 1200
Tallahassee, FL 32301
Phone: (850) 224-9634
Fax: (850) 222-0103
Email: tom.range@akerman.com


By: s/ Thomas A. Range
    Thomas A. Range, Esq.
    Florida Bar Number: 568651

and

Alice G. Hector, Esq.
Florida Bar Number: 817805
**AKERMAN SENTERFITT**
1 S.E. 3rd Avenue, 25th Floor

Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2010, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system.

s/ Thomas A. Range
Attorney

{TL214403;2}