IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DREW C. HARTLEY,
      Plaintiff,

vs.                             Case No: 3:09cv559/RV/EMT

RODNEY CLARK, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, proceeding pro se, initiated this action in June of 2006 in the United States District

Court for the Southern District of Florida, Miami Division, by filing a civil rights complaint under

42 U.S.C. § 1983 (Doc. 1). Plaintiff named Rodney Clark, a sergeant at Everglades Correctional

Institution (ECI), as the sole Defendant, claiming that on May 24, 2005, Clark failed to appropriately

respond when Plaintiff was exposed to a towel contaminated with a chemical agent, resulting in a

burn to his groin area, in violation of the Eighth Amendment (*id.*). The case survived Defendant

Clark's motion to dismiss, and the parties proceeded with discovery. The matter was deemed ready

for trial two years ago, in February of 2008 (*see* Doc. 53). The presiding judge in the Southern

District requested that the law firm of Akerman Senterfitt, through its local office in Miami,

represent Plaintiff, and on October 2, 2008, counsel filed a notice of appearance (Doc. 63).

Defendant filed another dispositive motion, and the parties conducted further discovery.

      On May 4, 2009, Plaintiff filed a motion to supplement the complaint, pursuant to Rule 15(d)

of the Federal Rules of Civil Procedure, with newly discovered evidence of alleged constitutional

violations by officers at Santa Rosa Correctional Institution (SRCI), the institution to which Plaintiff

was transferred on November 17, 2008 (*see* Doc. 90). Plaintiff sought to add fifteen new parties,

fourteen of whom were officers at SRCI, and the fifteenth party was the Florida Department of

Corrections (DOC) (*id.*). The allegations against the new individual Defendants involved

disorganizing and confiscating Plaintiff's legal materials, initiating false disciplinary charges, threatening Plaintiff, misusing chemical agents, subjecting Plaintiff to extended periods of time on strip-cell status, denying access to legal mail, and denying adequate medical treatment and mental health assistance (*id.*). Counsel for Plaintiff asserted that the conduct of the new Defendants was related to Plaintiff's claim against Defendant Clark because the new claims involved "the same custom, policy, and practice" of DOC employees' improperly using and handling chemical agents (*id.*). The district judge rejected Defendant Clark's concerns that he would be unduly prejudiced by Plaintiff's amendment, stating, "Defendant is not named in any of the new claims, and therefore would not be forced to address any new factual or legal issues." Finding no reason to deny Plaintiff's request to add the "new, and allegedly related, claims," the court granted the motion to amend (Doc. 106).[1]

---

[1] The court is well aware that the Federal Rules of Civil Procedure provide that the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to file an amended complaint pursuant to Rule 15(a)(2), however, is properly denied where the new claims asserted would be subject to dismissal as a matter of law. *See* Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)). Here, the claims asserted against the new Defendants in Plaintiff's amended complaint are based on conduct occurring long after June 2006, when Plaintiff initiated this action; therefore, those claims could not have been administratively exhausted prior to Plaintiff's raising them in this action. The Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Therefore, faced with the same motion to amend, the undersigned would have denied leave to amend, finding that amendment would be futile because the additional claims are unexhausted and therefore subject to dismissal. Although Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies, " Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir.2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S. Ct. at 910, 921, 166 L. Ed. 2d 798 (2007) (failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints), when it is evident from the face of the proposed complaint that the new claims are

Plaintiff then filed his Amended Complaint naming over twenty (20) Defendants, including Defendant Clark, Defendant Crosby (the Secretary of the DOC at the time of the incident involving Defendant Clark), Defendant McNeil (the present Secretary of the DOC), and over seventeen (17) correctional employees of SRCI (SRCI Defendants) (Doc. 110, attached Amended Complaint). Plaintiff alleged two counts of constitutional violations against Defendant Clark and six counts against the SRCI Defendants (*id.*).

Two months later, on November 5, 2009, the DOC and the Warden of SRCI, the only new Defendants upon whom Plaintiff obtained service of process, filed a motion to transfer venue to the Northern District on the ground that all of the events, except the incident concerning Defendant Clark, all of the parties, except Defendant Clark, and all the sources of proof which would be used in the litigation are located in the Northern District (Doc. 118). The magistrate judge issued a report and recommended that the motion to transfer venue be granted on the ground that the interest of justice and convenience of the parties and witnesses warranted transfer (Doc. 122). Over Plaintiff's objection (Doc. 129), the district judge granted the motion to change venue on the following grounds:

> . . . only two counts of Plaintiff's eight count complaint involve defendants and events in the Southern District. In contrast to the isolated incident occurring in the Southern District, Plaintiff's allegations directed at events in the Northern District involve repeated and continuous acts that are allegedly still ongoing.
>
> The nature of this case is such that most of the witnesses will be located in the Northern District and it would be more convenient for them if this matter were litigated in that District. Further, non-party witnesses subpoenaed to attend deposition or trial in the Southern District may not be able to be compelled to attend,

---

unexhausted leave to amend is properly denied. *See* <u>Marsh v. Butler County, Alabama</u>, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) ("[a] complaint is [] subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim.") (citations omitted); <u>Forman v. Terry</u>, Case No. 5:08cv7/HL (Doc. 58, order of the district judge), 2009 WL 92794, at *4 (M.D. Ga. March 30, 2009) (denying leave to amend where new claims were based on acts that took place after plaintiff filed the action); <u>Paulcin v. McNeil</u>, Case No. 3:08cv378/RV/EMT (Doc. 70, unchallenged order of the magistrate judge), 2009 WL 4348807, at *1-2 (N.D. Fla. November 24, 2009) (same).

since these witnesses would be more than 100 miles away. *See* Fed. R. Civ. P. 45(c)(3). Additionally, most of the sources of proof will likely be located in the Northern District, most of the operative facts occurred in the Northern District, and other pertinent facts justify the transference of this matter to the Northern District of Florida.

I recognize that Plaintiff's counsel is handling this case on a *pro bono* basis, and I fully appreciate the importance of *pro bono* work in our legal system; however, I cannot ignore that this lawsuit has blossomed into a case primarily about retaliation which allegedly occurred (and continues to occur) in the Northern District of Florida. Accordingly, I find that this case, in its present form, could have been brought by the plaintiff in the Northern District of Florida. I further find that transferring this case to the Northern District of Florida is justified based on the balance of the public and private factors.

(Doc. 135 at 2). Within a month of the transfer, counsel for Plaintiff filed a motion to withdraw, asserting, among other grounds, that travel would create an unreasonable financial burden on the law firm because it was providing pro bono representation and did not have a local office in Pensacola (Doc. 164 at 4).[2]

After a careful review of the pleadings in this case, the undersigned respectfully concludes that the SRCI Defendants were misjoined. Although permissive joinder allows a plaintiff to bring suit against multiple defendants, in this situation Plaintiff's cause of action against Defendant Clark and the SRCI Defendants fails to meet the applicable criteria of Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20 provides that persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all Defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims. *See* Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). For the purposes of Rule 13(a), "'[t]ransaction' is a

---

[2] By separate order issued on today's date, the undersigned has granted the motion to withdraw filed by Plaintiff's counsel.

word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (internal quotation marks omitted). Accordingly, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (internal quotation marks omitted).

In the instant case, review of the Amended Complaint reveals that it is bereft of any allegation that the SRCI Defendants acted jointly with Defendant Clark. Furthermore, the events underlying Plaintiff's claims against the SRCI Defendants are not logically related to the events giving rise to Plaintiff's claims against Defendant Clark. Plaintiff's Amended Complaint alleges that on May 24, 2005, while he was incarcerated at ECI in Miami, Florida, Defendant Clark permitted Plaintiff to use a towel contaminated with chemical agents and failed to seek medical care for Plaintiff when he learned that he suffered a chemical burn, in violation of the Eighth and Fourteenth Amendments (*see* Doc. 110 at 6–8, 20–23). As to the SRCI Defendants, Plaintiff alleges that upon his arrival at SRCI on or about November 17, 2008, correctional employees retaliated against him for being a "jailhouse lawyer," "writ writer," and "grievance writer," by disorganizing and confiscating his legal materials, initiating false disciplinary charges, threatening him, misusing chemical agents, subjecting him to extended periods of time on strip-cell status, denying access to legal mail, and denying adequate medical treatment and mental health assistance, in violation of the First, Eighth, and Fourteenth Amendments (*id.* at 9–20, 23–31).

While Plaintiff alleges that the incident involving Defendant Clark and the incidents involving the SRCI Defendants occurred as part of a widespread custom, policy, or practice within the DOC of permitting the unconstitutional use and handling of chemical agents and unconstitutional care and control of chemically contaminated materials (*see* Doc. 110 at 16, 18–21), Plaintiff's factual allegations suggest, as the Southern District noted, that the event involving Defendant Clark was an "isolated incident" that occurred three years prior to the events at SRCI and at a correctional institution located across the State. Furthermore, there is little, if any, factual identity underlying Defendant Clark's exposing Plaintiff to a contaminated towel and failing to provide medical treatment for Plaintiff's resulting injuries and the SRCI Defendants' disorganizing and confiscating his legal materials, initiating false disciplinary charges, unjustifiably using chemical agents,

subjecting him to strip-cell status, denying access to legal mail, and denying adequate medical treatment and mental health assistance. Therefore, the undersigned concludes that Plaintiff's claims against the SRCI Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences as his claims against Defendant Clark. When the meaning of a rule or statute is clear and unambiguous it must be given effect. Rule 20 refers to the <u>same</u> transaction or occurrence not to similar transactions or occurrences. Due to the absence of any indication of joint action by Defendant Clark and the SRCI Defendants, and the lack of any logical connective nexus between the conduct of Defendant Clark and the SRCI Defendants, the preconditions for permissive joinder set forth in Rule 20 are not satisfied.

In light of this determination, the question then becomes the options available to the court to remedy the misjoinder. Rule 21 of the Federal Rules of Civil Procedure provides that the court may drop a party on its own and at any time on just terms. *See* Fed. R. Civ. P. 21. The court may also sever any claim against any party. *Id.* Among the factors to be considered by the court in exercising its discretion under Rule 21 are whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the claim is severed. *See* <u>Disparte v. Corporate Executive Bd.</u>, 223 F.R.D. 7, 12 (D.D.C. 2004) (severance of plaintiffs' claims turns on considerations of whether claims arise from same transaction or occurrence, whether claims present some common question of law or fact, whether settlement of claims or judicial economy would be facilitated, whether prejudice would be avoided if severance were granted, and whether different witnesses and documentary proof are required for the separate claims); <u>In re High Fructose Corn Syrup Antitrust Litigation</u>, 293 F. Supp. 2d 854, 862 (C.D. Ill. 2003) (same); <u>Wausau Business Ins. Co. v. Turner Const. Co.</u>, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (same). In the Rule 21 context, the court has broad discretion to sever parties based on misjoinder. *See* <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds*, <u>Manders v. Lee</u>, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). Some courts characterize this discretion as "virtually unfettered." *See* <u>Grigsby v. Kane</u>, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (citing <u>Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.</u>, 49 F.

Supp. 2d 709, 721 (D.N.J. 1999)); <u>CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.</u>, 896 F. Supp. 505, 506 (D. Md. 1995).

As previously discussed, Plaintiff's claims against the SRCI Defendants do not arise from the same transaction or occurrence as his claims against Defendant Clark. Additionally, considerations of prejudice to the parties and judicial economy weigh in favor of the court's exercising its discretion under Rule 21. Plaintiff and Defendant Clark have been waiting over three (3) years to have the claims against Clark finally heard and resolved. Furthermore, the litigation of Plaintiff's claims involving the SRCI Defendants is in its extremely early stages (only the Warden at SRCI has been served with process); whereas Plaintiff and Defendant Clark have been engaged in discovery for over two (2) years, and the discovery required to ready those claims for trial is much more limited in scope and duration than the discovery related to Plaintiff's numerous claims against the many SRCI Defendants. Therefore, exercise of the court's discretion under Rule 21 is well supported.

The final question becomes whether the court should drop the SRCI Defendants or simply sever the claims against those Defendants. The Third, Seventh, and Eighth Circuits have interpreted Rule 21 to permit dismissals of parties only if dismissal does not cause substantial prejudice. *See* <u>Strandlund v. Hawley</u>, 532 F.3d 741, 745–46 (8th Cir. 2008); <u>Elmore v. Henderson</u>, 227 F.3d 1009, 1012 (7th Cir. 2000); <u>DirecTV, Inc. v. Leto</u>, 467 F.3d 842, 845 (3d Cir. 2006).

<u>DirecTV</u> involved an action brought by a cable company against several consumers for illegal interception of its transmissions. 467 F.3d at 843. After the district court initially severed the claims under Rule 21 and ordered that they proceed as separate individual actions, DirecTV paid individual filing fees and filed a separate complaint against one of the defendants. *Id.* at 844. That defendant successfully moved to dismiss on the ground that the new complaint fell outside the statute of limitations and in the course of reversing the dismissal, the Third Circuit commented that "[a]lthough a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if 'just'–that is, if doing so 'will not prejudice any substantial right.'" <u>DirecTV</u>, 467 F.3d at 846 (citation omitted) (emphasis in original). The court explained that substantial rights would be prejudiced if dismissal of misjoined parties were to result in the loss of otherwise timely claims. *Id.* at 846–47.

In the Seventh Circuit's Elmore decision, Judge Posner similarly concluded for the panel that "the district court is duty-bound to prevent [statute of limitations] consequences by severing rather than dismissing claims" under Rule 21 for misjoinder.  227 F.3d at 1012.  In that case, plaintiff and two other persons had filed suit against the Postal Service within the ninety-day statute of limitations period, but the district court dismissed two of the parties without prejudice for misjoinder pursuant to Rule 21.  *Id.* at 1010–11.  The plaintiff did not appeal his Rule 21 dismissal nor did he ask the district court for a final, immediately appealable judgment pursuant to Rule 54(b), but instead waited four months to refile notwithstanding the ninety-day statute of limitations.  *Id.* at 1012–13.  The appellate court held that since the district court is required under Rule 21 to add or drop parties on just terms and is allowed to sever a misjoined party's claim rather than dismiss it, the district court could and should have permitted the plaintiff's claim to continue as a separate suit so that it would not have been time barred.  *Id.* at 1012.

Applying these principles in Strandlund, the Eighth Circuit concluded that the district court abused its discretion by its order apparently dismissing the misjoined parties without prejudice.  The Eighth Circuit noted that statute of limitations for claims brought under 42 U.S.C. § 1983 is generally the applicable state law period for personal injury torts.  *Id.* at 746 (citing City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 124 n.5, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005)).  In Minnesota intentional personal injury torts such as assault, battery, or intentional infliction of emotional distress are governed by a two-year statute of limitations period, while a six-year limitations period applies to torts of negligence such as negligent hiring and retention.  *Id.*  Since the events giving rise to the plaintiffs' claims took place in 2003 and 2004, the statute of limitations on many of their constitutional claims and personal injury allegations appeared to have already run at the time of the district court's March 2007 Rule 21 order.  *Id.*  The Eighth Circuit held that while it would have been permissible to sever their claims into separate actions because of the need to avoid possible confusion or substantial prejudice, the district court was not permitted to drop and dismiss plaintiffs pursuant to Rule 21 because dismissal made it impossible for the plaintiffs to refile many of their claims in light of the running of the limitations period, and a severance of their claims under Rule 21 would have held the statute of limitations in abeyance and thus permitted them to

proceed with individual actions since the lawsuit was initially filed within the statute of limitations period.  *Id.* (citing <u>DirecTV</u>, 467 F.3d at 844–45).

In the instant case, dismissal of the SRCI Defendants will not prejudice Plaintiff's pursuit of his claims against those Defendants.  The applicable statute of limitations in this case is four (4) years.  *See* <u>Baker v. Gulf & Western Industries</u>, 850 F.2d 1480, 1481 (11th Cir. 1988); <u>Grace v. Wainwright</u>, 761 F. Supp. 1520 (M.D. Fla. 1991); Fla. Stat. § 95.11(3).  Although the court applies Florida law in this regard, federal law determines the date on which the statute begins to run.  <u>Brown v. Georgia Bd. of Pardons & Paroles</u>, 335 F.3d 1259, 1261 (11th Cir. 2003).  The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Id.* (citation omitted).  In the instant case, the facts underlying the earliest of Plaintiff's claims against the SRCI Defendants became apparent in November of 2008, only fifteen (15) months ago.  Therefore, dismissal of the SRCI Defendants will not prejudice Plaintiff's right to pursue his claims against those Defendants.

Additionally, dismissing the SRCI Defendants and requiring Plaintiff to initiate a new action fulfills the purposes of the PLRA.  On April 26, 1996, the President signed the PLRA into law and thus amended 28 U.S.C. § 1915 to require a prisoner to pay the full amount of the filing fee when a prisoner brings a civil suit in forma pauperis (IFP).  28 U.S.C. § 1915(b).  Specifically, § 1915(b) requires that the prisoner pay an initial partial filing fee and complete the payment of the filing fee in accordance with the payment schedule set forth in § 1915(b)(2).  Section 1915(b)(2) mandates that monthly payments of 20 percent of the preceding month's income credited to the prisoner's account must be forwarded by the agency having custody over the prisoner to the clerk of the court each time the amount in the account exceeds $10.  This process is repeated "until the filing fees are paid."  *Id.*  Moreover, prisoners wishing to proceed IFP must execute an affidavit and file a certified copy of their prison trust account to demonstrate their impoverishment.  28 U.S.C. § 1915(a)(1)-(2).  Finally, if a prisoner has filed three frivolous lawsuits, the PLRA revokes IFP privileges and requires the prisoner to pay the same filing fees that ordinary citizens must file upon the commencement of a suit.  28 U.S.C. § 1915(g).  The Eleventh Circuit has noted that the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights, and conditions of

confinement litigation.  *See* <u>Hubbard v. Haley</u>, 262 F.3d 1194, 1196 (11th Cir. 2001) (also noting that several other circuits have recognized the intent of Congress to taper prisoner litigation) (citations omitted).

In the instant case, this district court previously recognized Plaintiff's status as a "three striker."  *See* <u>Hartley v. Shaw</u>, Case No. 5:08cv244/RS/MD (N.D. Fla. Aug. 25, 2008).  Indeed, when Defendant Clark brought this fact to the attention of the court in the Southern District, Plaintiff's counsel quickly paid the filing fee in full (*see* Docs. 84, 89).  Merely severing Plaintiff's claims against the SRCI Defendants, instead of dismissing them as parties and requiring Plaintiff to commence a new lawsuit, would permit Plaintiff to circumvent the provisions of the PLRA. Based upon the foregoing, the undersigned concludes that the appropriate remedy under Rule 21 for the misjoinder of the SRCI Defendants is to dismiss the SRCI Defendants as parties and dismiss Plaintiff's claims against them, asserted in Counts 3 through 8 of the Amended Complaint (Doc. 110), without prejudice to Plaintiff's presenting those claims in a new lawsuit.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Warden Tifft (as successor to Warden Ellis), Captain Jackson, Lieutenant John Doe #1, Lieutenant Torres, Correctional Officer Butler, Sergeant Cook, Sergeant Steen, Sergeant Reeves, Sergeant Quinn, Sergeant Diamond, Lieutenant Romine, A.J. Torino, Sergeant Givens, Sergeant Raybon, Correctional Officer Wallace, Correctional Officer Roberts, Correctional Officer DeWaters, Lieutenant Gielow, T. Shell, and Correctional Officer John Does be **DISMISSED** as parties from this action.

2.      That Counts 3 through 8 of the Amended Complaint (Doc. 110) be **DISMISSED** without prejudice to Plaintiff's refiling them in a new lawsuit.

3.      That  the clerk be directed to send Plaintiff a complaint form for use by prisoners in actions filed under 42 U.S.C. § 1983, to facilitate Plaintiff's commencing a new action against the dismissed Defendants.

At Pensacola, Florida this <u>12th</u> day of February 2010.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

       **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**