IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DREW C. HARTLEY,

        Plaintiff,

    vs.                         Case No: 3:09cv559/RV/EMT

RODNEY CLARK, et al.,

        Defendants.

_____/

## ORDER

This cause is before the court on consideration of the Magistrate Judge's Report and Recommendation, dated February 12, 2010 (doc. 190) ("Report"). The parties have been furnished a copy of the Report, and they have been afforded an opportunity to file objections under Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of all timely filed objections.[1] For the reasons that follow, the Report is adopted and incorporated herein.

**I. Background**

The plaintiff, at the relevant time a prisoner at the Everglades Correctional Institution in Miami, Florida, filed this action in the Southern District of Florida in 2006, alleging that defendant Sergeant Rodney Clark exposed him to "chemical mace" in May 2005. The case survived defendant's motion to dismiss, the parties proceeded with discovery (with the court's active involvement), and the case was deemed "ready for trial" in February 2008. Thereafter, in November 2008 --- more

---

[1] The plaintiff has recently filed a document in which he makes objections to the Report in the course of seeking leave to amend and supplement his complaint (doc. 204 at 4-5, 7-11). Accordingly, I will treat this pleading as both a motion for leave to amend and an objection to the Report.

than two years after the case was filed and more than three years after the original incident giving rise to it --- the plaintiff was transferred to Santa Rosa Correctional Institution ("SRCI") located in Milton, Florida. In September 2009, almost one year after the transfer, the Southern District Court granted the plaintiff leave to amend his complaint to add almost two dozen new defendants, seventeen of whom were correctional officers at SRCI (docs. 106, 110-1). He claimed, among other things, that certain of the new defendants exposed him to chemical agents as well. Over the plaintiff's strenuous 14-page objection, the case was subsequently transferred to the Northern District of Florida in December 2009. The case (as amended) is in its early stages in this district, having been transferred just three months ago. The vast majority of the defendants have not been served with the amended complaint, and, of those who have been served, none have answered yet.[2]

The Report concludes that the defendants were misjoined. It recommends, sua sponte, that the SRCI defendants be severed and dismissed from this action, and that the claims against them be pursued in a separate lawsuit.

**II. Discussion**

Preliminarily, as the Report notes, the plaintiff sought leave to amend his complaint to add the new claims because the conduct of the new defendants purportedly involved the same custom, policy, and practice underlying his original complaint. The plaintiff stated in his motion to amend that the amendment was justified because "the Florida Department of Corrections has a custom of unlawfully using chemical agents on inmates so as to subject it to liability on Plaintiff's original claim (and new claims)" (doc. 90 at 4). The Report fully considered and disposed of that argument.

---

[2]

It appears that three defendants have been served. They have each joined in a motion to dismiss the amended complaint that is still pending (doc. 125).

Case No. 3:09cv559/RV/EMT

However, the plaintiff did not limit his motion to amend to the custom and policy argument. Rather, he claimed that the improper use of chemical agents and other alleged abuses at SRCI were also done in retaliation for his bringing this case. Specifically, he claimed in his motion that he was also seeking leave "to amend and supplement the Complaint to add related claims --- namely claims for retaliation . . . stemming from Plaintiff's prosecution of this lawsuit," and he was allegedly "subjected to various forms of abuse as a result of his prosecution of this lawsuit" (doc. 90 at ¶5) (emphasis added).[3] The retaliation claim for filing this case seems to be the principle reason that amendment and joinder were allowed and why the case was transferred to this district (see generally doc. 106 at 3; doc. 135 at 1- 2). However, as the case law and following discussion make clear, that claim did not justify allowing the plaintiff to amend his complaint and join almost two dozen new defendants under the circumstances of this case.

Whether it is appropriate to allow amendment to include claims of retaliation in cases such as this one requires a close examination of the factual circumstances constituting the basis of the claim. Compare Pratt v. Rowland, 769 F. Supp. 1128, 1131 (N.D. Cal. 1991) (prisoner allowed to amend his complaint to include claim of retaliation by new defendants at different correctional facility because the alleged retaliatory actions had sufficient relationship to the claims in the original complaint) with Skillern v. Georgia Dep't of Corrections, 2006 WL 3246687, at *4 (N.D. Ga.

---

[3]

The plaintiff sets out the alleged retaliation in detail in his amended complaint (doc. 110-1 at ¶¶ 51-86), and he claims the "various violations of his constitutional rights" were carried out, at least in part, because of "his prosecution of the above-captioned matter" (id. at ¶123). The Report makes reference to the plaintiff's claim that he was retaliated against, but it suggests the alleged retaliation was solely due to his being a "jailhouse lawyer," "writ writer," and "grievance writer." Report at 5. The Report does not address his claim that he was retaliated against specifically for filing this lawsuit.

Nov. 7, 2006) (prisoner's retaliation claims were "separate and distinct from the [original] claim," therefore, plaintiff "cannot join these new claims and defendants in this action because they arise out of different transactions and do not involve a question of fact or law common to all defendants"). In his objection to the Report, the plaintiff argues that "the new claims naturally belong with the original claims because they relate directly to the original claims (e.g., retaliation against Plaintiff for prosecuting the claims against Defendant Clark)" (doc. 204 at 3).

As a general matter, retaliation claims should be considered along with the original claims --- if possible. Such claims are clearly interrelated. At the same time, however, there must be a factual relationship and temporal connection, which may limit a plaintiff's ability to amend his complaint to include such claims.[4] Regardless of whether the original claim and new retaliation claims are logically and factually related in some way, the question a court must decide in this context is "whether the purpose of Rule 20 and judicial economy would be served by combining the original and the supplemental [retaliation] claims into a single proceeding." See Smith v. Goord, 2006 WL 2850597, at *3 (W.D.N.Y. Sept. 22, 2006) (holding that retaliation claims against new defendants at subsequent facility would not be joined with the original case because (i) there was no overlap between the named

---

[4]

For example, suppose that within the next couple of years plaintiff is once again transferred to a new facility, and he claims it was done in retaliation for his bringing this action. (This is not a remote possibility; in fact, plaintiff specifically claims that he has been "arbitrarily transferred . . . like a hot potato around the State in order to impede his prosecution of this case" (doc. 129 at 1-2)). If that happens, should he be allowed to amend his complaint again and join new defendants in 2011 or 2012 on the grounds that said retaliation "naturally" grew out of the original claim, even if the alleged retaliation occurred seven years after the incident with Sergeant Clark and six years after the filing of this case? I think not. Cf. Klos v. Haskell, 835 F. Supp. 710, 716 (W.D.N.Y. 1993) (denying prisoner's motion to amend and supplement complaint to include retaliation claim that took place at subsequent facility more than a year after the original incident).

defendants in both complaints; (ii) the events were separated by more than a year; and (iii) there was no claim that the original defendants were involved in the alleged retaliatory actions at the new facility).[5]

On the facts of this case, I must conclude that amendment and joinder would not promote the economical and speedy disposition of the case. At the time of the amendment and joinder, the case against Sergeant Clark had been ongoing for more than three years in the Southern District (with that court's active involvement), and it had already been deemed trial-ready for more than one year and a half. Now that the complaint has been amended and almost two dozen new defendants have been joined in this case (most of whom have not been served and none of whom have answered the amended complaint), it seems apparent that resolution of the case will be a long way off. That will delay the judicial resolution of a nearly four-year-old case and prejudice the original defendant, Sergeant Clark, who clearly has an interest in having the claim against him resolved as soon as reasonably possible.[6]

Accordingly, I agree with the Report insofar as the SRCI defendants were

-----

[5]

Smith, supra, is based upon a Report and Recommendation. The district court subsequently adopted its conclusion and held: "the Court agrees . . . that plaintiff's proposed supplemental claims, involving events at Southport, are not sufficiently related to the original claims, involving events at Lakeview one year earlier, and that adding the new claims would not promote the economical and speedy disposition of the controversy." 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007).

[6]

In opposing the plaintiff's original motion to amend, Sergeant Clark argued that he would "suffer irreparable harm" and "be unduly prejudiced" if the motion was granted because: "Defendant Clark is an individual sued in his individual capacity. Defendant Clark no longer works for DOC, and has not for several years. Defendant Clark is not a government entity or a corporation. He is not involved in lawsuits as a normal part of his life. He has been involved in this particular lawsuit for three years [now almost four years]. The incident which is the subject of the lawsuit happened four years ago [now almost five years ago]" (doc. 96 at ¶¶4-5).

improperly joined; they should be dismissed as parties from this action; and the counts applicable to them should be dismissed without prejudice to the plaintiff refiling them in a new case.

That leaves the question of what to do with the remaining claims against Sergeant Clark and the interconnected "custom, policy, or practice" claim against the then-Secretary of the Department of Corrections, James V. Crosby. Because the original incident occurred in the Southern District of Florida, because Sergeant Clark is located there, because the plaintiff chose that forum to file suit, because there had been considerable court action in that district for more than three years, because that court deemed the case trial-ready years ago, and because it appears that both the plaintiff[7] and Sergeant Clark[8] would prefer that the case be handled there, I believe it is appropriate to transfer the case back to the Southern District. This district will retain jurisdiction over the SRCI defendants, if the plaintiff should elect to proceed with those claims in a separate action.

### III. Conclusion

In sum, on the particular facts of this long-pending case, I conclude that the defendants were improperly joined.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

---

[7]

In his objections to the Report, plaintiff quotes from an earlier pleading in which he objected to transfer because sending the case to this district "ignore[d] that the genesis of this dispute arose out of conditions and events at Everglades Correctional" (doc. 204 at 8).

[8]

In opposing the plaintiff's motion to amend the complaint, Sergeant Clark argued, inter alia, that amendment should be denied as he would be forced to defend in this district and bear unnecessary costs and travel expenses (doc. 96).

Case No. 3:09cv559/RV/EMT

2.  Warden Tifft (as successor to Warden Ellis), Captain Jackson, Lieutenant John Doe #1, Lieutenant Torres, Correctional Officer Butler, Sergeant Cook, Sergeant Steen, Sergeant Reeves, Sergeant Quinn, Sergeant Diamond, Lieutenant Romine, A.J. Torino, Sergeant Givens, Sergeant Raybon, Correctional Officer Wallace, Correctional Officer Roberts, Correctional Officer DeWaters, Lieutenant Gielow, T. Shell, and Correctional Officer John Does are **DISMISSED** as parties from this action.

3.  Counts 3 through 8 of the Amended Complaint (Doc. 110) are **DISMISSED,** without prejudice to Plaintiff's refiling them in a new lawsuit.

4.  The clerk is directed to send Plaintiff a complaint form for use by prisoners in actions filed under 42 U.S.C. § 1983, to facilitate Plaintiff's commencing a new action against the dismissed Defendants.

5.  The plaintiff's motion for leave to amend and supplement the complaint (doc. 204) is **DENIED,** as moot.

6.  The case is hereby **TRANSFERRED** to the Southern District of Florida. All pending motions related to defendant Sergeant Clark will carry with the case.


DONE and ORDERED this 23rd day of March, 2010.


/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge